UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEMCOR USA,INC.                                              CIVIL ACTION

VERSUS                                                                 NO. 12-2966 c/w 12-2968
                                                                              Pertains to: both cases

CIA SIDERURGICA DO PARA (COSIPAR),    SECTION "C" (1)
ET AL

ORDER AND REASONS

This matter comes before the Court on: (1) motion to approve certain vessel expenses as custodia legis filed by Clipper Bulk, Ltd.; (2) motion to approve surveyors' expenses as expenses in custodia legis; (3) motion to vacate filed by ThyssenKrupp Mannex GmbH ("TKM"); and (4) motion to stay Clipper Bulk's motion for payment of custodia legis expenses filed by TKM.  Rec. Docs. 79, 129, 141 and 175.  Having considered the record, the memoranda of counsel and the law, the Court rules as follows.

Clipper Bulk, the owner of the vessel on which the arrested cargo was held, asserts that it is entitled to a daily rate of *custodia legis* expenses of $12,000, which is the daily demurrage rate set forth in the charter for the vessel, from December 22, 2012, through the date the cargo was discharged, as well as the costs of discharge and

survey.[1]  The Court agrees that the expenses of holding the cargo, discharge, and survey inured to the benefit of all parties.  That "part of the benefit of the [storage and] discharge] inured" to Clipper does not matter.  *Associated Metals & Minerals Corp. v. ALEXANDER'S UNITY M/V*, 41 F.3d 1007, 1018 (5th Cir. 1995).  "The fact that [Clipper] made the expenditure and benefited from the [storage and] discharge does not prohibit the finding that the expense[s] [were] necessary to maintain the value of the [cargo]," which they were.  *Id.*  At the same time, the *in personam* defendants have not appeared at the time when the reasonableness of the daily demurrage rate set forth in the contract is being challenged by non-signatories to that agreement.  The Court finds that the reasonableness of that rate is inherently factual in nature and remains for trial under the circumstances.  *See Marastro Compania Naviera, S.A. v. Canadian Maritime Carriers, Ltd.*, 959 F.2d 49, 53–54 (5th Cir. 1992).

Intervenor TKM moves to vacate the Rule B attachments of Stemcor USA Inc. ("Stemcor") and Daewoo International Corporation ("Daewoo"), to dismiss claims for lack of jurisdiction and for failure to state a claim under Louisiana law.  Rec.Doc. 141. TKM provides the jurisdictional basis of its own intervention as 28 U.S.C.§ 1367, relative

---

[1] No opposition was filed to Clipper's motion to approve the surveyors' expenses as expenses in custodia legis. Rec.Doc. 129  That motion is properly supported and will be granted.

to supplemental jurisdiction "in any civil action of which the district courts have original jurisdiction." Rec. Doc. 64 at ¶ 13. Nonetheless, this claimant seeks dismissal based on the argued lack of subject matter jurisdiction underlying the complaints and attachments of Stemcor and Daewoo.

Neither *in personam* defendant has made an appearance, no judgment has been entered and, except for surveyors' expenses, entitlement to any of the proceeds by any of the claimants is not an immediate prospect.[2] Prudence dictates against addressing the concerns of this intervenor at this time, and the Court remains skeptical that the contracts of Stemcor and Daewoo are necessarily non-maritime for jurisdictional purposes, that attachment under Louisiana law is deficient, or that Daewoo's attachment under the United Nations Convention for the Enforcement of Arbitral Agreements and Judgments, codified in 9 U.S.C. § 201 *et. seq.*, necessarily lacks support. For present purposes, the Court will rely on the sufficiency of the Rule C admiralty jurisdiction underlying Clipper's intervention, and is prepared at this time to maintain supplemental jurisdiction over other claims to the *res*.[3]

The undersigned was the last of the three judges to sign writs of attachment in

---

[2]In addition, the prospect of an appeal from any judgment looms.

[3]The Court finds that TKM's motion to stay lacks merit. Rec. Doc. 175.

these consolidated cases and the earlier case allegedly related to these. The Court now questions whether the transfer of these two cases was appropriate, as independent debts owed by a single party may not "involve subject matter that comprises all or a material part of the subject matter or operative facts" of the first Stemcor attachment. Nonetheless, the Court will not hesitate to examine subject matter jurisdiction at a later date, if appropriate. The distinct issue of subject jurisdiction in the absence of supplemental jurisdiction can be revisited, if appropriate, after the *in personam* defendants have appeared. Finally, this ruling is not intended to affect TKM's alleged rights to pursue its attachment in state court, to the extent that its arguments suggest that it can.

Accordingly,

IT IS ORDERED that the motion to approve certain vessel expenses as custodia legis filed by Clipper Bulk, Ltd. is GRANTED IN PART and DENIED in PART. Rec. Doc. 79;

IT IS FURTHER ORDERED that the motion to approve surveyors' expenses as expenses in custodia legis filed by Clipper Bulk, Ltd. is GRANTED as unopposed and as properly supported. Rec. Doc. 129. A proposed order, approved as to form, shall be submitted within seven days from the date of this order.

IT IS FURTHER ORDERED that the motion to vacate filed by ThyssenKrupp Mannex GmbH is DENIED.  Rec. Doc. 141.

IT IS FURTHER ORDERED that the motion to stay Clipper Bulk's motion for payment of Custodia legis expenses filed by filed by ThyssenKrupp Mannex GmbH is DENIED.  Rec. Doc. 175.

New  Orleans, Louisiana, this 30th day of July, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT